**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTONIO GUERRERO, | : | Civil No. 1:26-CV-02199 |
| Petitioner, | : | |
| v. | : | |
| WARDEN LSCI-ALLENWOOD, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Antonio Guerrero ("Petitioner"), an inmate currently housed at the Federal Correctional Institution Allenwood Low ("FCI-Allenwood"). (Doc. 1.) Specifically, Petitioner challenges the manner in which the Bureau of Prisons ("BOP") made its August 28, 2025 Second Chance Act ("SCA") determination denying him placement in a Residential Reentry Center ("RRC") and/or Home Confinement. (Doc. 1.) The court finds that prerelease placement under the SCA is at the discretion of the BOP. Therefore, the court will dismiss the petition.

**BACKGROUND**

Petitioner initiated this action by filing a petition for writ of habeas corpus that the court received and docketed on August 3, 2026. (Doc. 1.) Petitioner "challenges the legality of the process used to deny him pre-release placement and seeks an order vacating the August 28, 2025 determination and directing the BOP

to conduct a new, good faith, individualized assessment consistent with 18 U.S.C. § 3621(b) and § 3624(c)." (Doc. 1.) He alleges that the BOP's conclusion that he constitutes a threat to the community is driven by historical offense conduct and an assumption concerning the location he would return to instead of a genuine individualized evaluation of his present characteristics and actual release plan. (Doc. 1.)

Petitioner paid the requisite filing fee. The court will now screen the petition pursuant to Rule 4.

## VENUE

A Section 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is being held at FCI-Allenwood in Union County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## STANDARD

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28

U.S.C. § 2254 (applicable to Section 2241 petitions under Rule 1(b)). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## DISCUSSION

Petitioner admits that he has not exhausted his administrative remedies prior to filing the instant petition but asserts that based on the time sensitive nature of his petition, administrative exhaustion should be deemed satisfied by his administrative activities to date or it should be excused. (Doc. 1.) Without making a determination regarding whether Petitioner was required to exhaust his administrative remedies, the court finds that the petition will be dismissed on its merits.

In his habeas petition, Petitioner challenges the BOP's denial of prerelease custody under the SCA. (Doc. 1.)

Under the SCA, the decision of whether to transfer an inmate to prerelease custody is left to the discretion of the BOP. 18 U.S.C. § 3624(c)(4). When exercising this discretion, the BOP must conduct an individualized assessment of whether an inmate should be transferred to prerelease custody based on the following factors:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 247 (3d Cir. 2005).

The record in this case clearly establishes that Petitioner's Unit Team, in its February of 2026 review, gave him individualized consideration consistent with the five factors of Section 3621(b). (Doc. 1-3.) Specifically, the Unit Team considered and evaluated the five factors as follows: (1) facility resources: "RRCs have limited bed space availability & must be used judiciously to provide services to as many [inmates] as possible"; (2) offense: "INTENTIONAL MURDER WHILE ENGAGED IN DRUG TRAFFICKING CRIME;" (3) prisoner: "Minimal programming, serious [history of] misconduct, serious [history of] violence;" (4) court statement: "no recommendations regarding RRC consideration;" and (5) sentencing commission: "U.S. Sentencing Commission has not issued any policy statements related to BOP pre-release RRC procedure." (Doc. 1-3.) The Unit

Team also stated that it "believes that risks of SCA placement outweigh any reentry needs [inmate] may have, based on the fact that [inmate] will be returning to same area where he sold drugs and committed murders involved with instant offense." (Doc. 1-3.)

Petitioner's disagreement with the BOP's recommendation does not establish a constitutional violation, as nothing in Section 3624 or Section 3621(b) entitles an inmate to any guaranteed placement in an RRC. *See Woodall*, 432 F.3d at 244–51 (holding, in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in Section 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a [halfway house] does not mean that it must,"); *see also Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005) (holding, "[i]t is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners.").

**CONCLUSION**

For the above stated reasons, the Section 2241 petition will be dismissed, and the case will be closed. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 2, 2026